# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

TAMARA WARREN,

    Plaintiff(s),

v.

COSTCO WHOLESALE CORPORATION,

    Defendant(s).

Case No. 2:19-CV-446 JCM (EJY)

ORDER

Presently before the court is defendant Costco Wholesale Corporation's ("defendant") motion for summary judgment. (ECF No. 19). Plaintiff Tamara Warren ("plaintiff") failed to respond. Defendant filed a "reply," noting plaintiff's nonopposition. (ECF No. 20).

## I. Background

Plaintiff sued defendant for negligence when on November 21, 2018, she was knocked to the ground after defendant's employee bumped into her while pulling carts on the premises. (ECF No. 19-1 at 3). Although plaintiff filed a complaint, she has failed to respond to defendant's requests for admissions, leading to the present issue before the court. (ECF No. 19-2 at 2).

## II. Legal Standard

*i. Request for Admission*

"Rule 36(a) of the Federal Rules of Civil Procedure provides that a request for admission is admitted if no written answer or objection is timely served on the requesting party." Am. Tech. Corp. v. Mah, 174 F.R.D. 687, 689 (D. Nev. 1997). In effect, "Rule 36(a) provides its own enforcement mechanism, by automatically deeming the matters contained in the requests for admission as conclusively admitted." *Id.* at 690.

**James C. Mahan**
**U.S. District Judge**

### ii. Motion for summary judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of

1  material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. Discussion

### i. Request for admission

The court must first decide whether plaintiff's failure to respond to defendant's requests for admissions in a timely manner "renders those admissions conclusively established." (ECF No. 19 at 5). "Rule 36(a) of the Federal Rules of Civil Procedure provides that a request for admission is admitted if no written answer or objection is timely served on the requesting party." Am. Tech. Corp. v. Mah, 174 F.R.D. 687, 689 (D. Nev. 1997). In effect, "Rule 36(a) provides its own enforcement mechanism, by automatically deeming the matters contained in the requests for admission as conclusively admitted." *Id.* at 690.

Here, defendant served plaintiff with a request for admissions on May 16, 2019. (ECF No. 19 at 6). Because the 30-day window to respond to the request has now passed, plaintiff has admitted to the admissions in defendant's requests. *Id.*

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### ii. Issue of material fact

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. LR 7-2(d). However, "summary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e). The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

This principal is borne out by Ninth Circuit case law holding that a court cannot grant a summary judgment motion merely because it is unopposed. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition). Consequently, Local Rule 7-2(d) specifically exempts motions for summary judgment from the general rule. LR 7-2(d).

Thus, even without an opposition, the court must apply standards consistent with Federal Rule of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry*, 983 F.2d at 950; *Martinez*, 323 F.3d at 1182.

"It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't*, LLC, 180 P.3d 1172, 1175 (Nev. 2008)).

Here, defendant asked plaintiff to "[a]dmit that [she had] never been on [d]efendant's property" and that she was not on defendant's property on November 21, 2018. (ECF No. 19-2 at 2–3). Because plaintiff did not respond to either request, she ostensibly admits that she was not on the premises, despite the allegations in her complaint that suggest otherwise. (ECF No. 19-1 at 3). "[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (1993) (citing *Asmussen v.*

*New Golden Hotel Co.*, 392 P.2d 49 (1964)).  Thus, because plaintiff was not on the property, defendant owed no duty of care.

Defendant also requested that plaintiff "[a]dmit that [d]efendant has never breached any duty of care owed to [her]." (ECF No. 19-2 at 3).  Again, due to plaintiff's lack of response, it is deemed admitted.  Consequently, defendant has not shown breach of duty.

In further failing to respond, plaintiff also admitted "that if [she has] ever fallen, it was solely [her] own fault," that "[she has] a constant habit of not looking where [she is] going while walking," and "[she has] a habit, custom and routine of tripping and falling." (ECF No. 19-2 at 3).  Therefore, the element of legal causation is negated.

Finally, defendant requested that plaintiff "[a]dmit that [she] never suffered any damages as a result of any allegations contained in [her] complaint." (ECF No. 19-2 at 3).  Indeed, by failing to respond, she conceded this fact.  Furthermore, plaintiff also admitted that she suffered from neck pain, right shoulder pain, right arm pain, hand numbness, headaches, mid-back pain, and low-back pain within the one-year period immediately prior to November 21, 2018. (ECF No. 19-2 at 3–4).  Thus, the final element of negligence is negated, and therefore, there is no issue of material fact.

Because plaintiff has failed to respond to defendant's motion for summary judgment or adduce evidence to the contrary, defendant's motion should be granted. (ECF No. 20 at 1).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's case be dismissed.

DATED February 14, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -